[Cite as *Dunn v. State Auto. Mut. Ins.*, 2013-Ohio-4758.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| COLUMBUS E. DUNN | | C.A. No.     12CA010332 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANIES | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO CASE No.     10CV167106 |
| Appellee | | |

DECISION AND JOURNAL ENTRY

Dated: October 28, 2013

HENSAL, Judge.

{¶1}   Columbus Dunn appeals a judgment of the Lorain County Court of Common Pleas that denied his motion to vacate under Civil Rule 60(B). For the following reasons, this Court affirms.

I.

{¶2}   In April 2010, Mr. Dunn sued John Lang and State Automobile Mutual Insurance Cos. for injuries he had suffered in a motor vehicle collision. At a pretrial conference in December 2010, Mr. Dunn's lawyers indicated that Mr. Dunn might be obtaining different counsel. On March 15, 2011, they moved to withdraw from representation. The trial court granted their motion and subsequently scheduled a pretrial conference for May 5, 2011. In its journal entry, the court told Mr. Dunn that, if he failed to appear at the conference, his case would be dismissed for want of prosecution. When Mr. Dunn did not appear for the conference, the trial court dismissed his case.

**{¶3}** On May 4, 2012, Mr. Dunn moved to vacate the trial court's judgment. According to Mr. Dunn, his lawyers did not tell him that they had withdrawn from his case or notify him about any upcoming pretrial conferences. He also alleged that he did not receive any correspondence directly from the court about the status of his case or the fact that it had been dismissed. He alleged that he contacted his lawyers about his case in March 2012 and learned at that point that they had withdrawn. According to Mr. Dunn, he did not learn that his case had been dismissed until he consulted with a different lawyer. He argued that, under the circumstances, the trial court should vacate its judgment under Civil Rule 60(B)(1) & (5).

**{¶4}** The trial court denied Mr. Dunn's motion because it found that there was nothing in the motion that "establishes or even suggests the Plaintiff has a meritorious claim to present if relief is granted." It also found that Mr. Dunn had not presented evidence of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. It further found that the situation did not present any extraordinary circumstances. Mr. Dunn has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO VACATE EVEN THOUGH THE APPELLANT HAD NOT RECEIVED NOTICES ON FOUR (4) DIFFERENT OCCASIONS AND THE DISMISSAL OF HIS CASE HAD THE EFFECT OF DENYING HIM DUE PROCESS.

**{¶5}** Mr. Dunn argues that the trial court incorrectly denied his motion to vacate. Civil Rule 60(B) provides:

[T]he court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment. The motion shall

be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment * * * was entered or taken.

Interpreting Rule 60(B), the Ohio Supreme Court has held that

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *.

*GTE Automatic Elec. Inc. v. ARC Indus. Inc.*, 47 Ohio St.2d 146, paragraph two of the syllabus (1976).

**{¶6}** Whether relief should be granted under Civil Rule 60(B) is within the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). This Court will not reverse the court's decision absent an abuse of discretion. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19-20 (1996). The phrase "'abuse of discretion' * * * implies that the trial court's attitude [was] unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶7}** We will begin with the first prong of the *GTE* test because it is dispositive. In *Akron General Medical Center v. Medical Mutual of Ohio*, 9th Dist. Summit No. 24484, 2009-Ohio-2679, this Court cautioned that "[a] movant should be cautious and hesitate to 'rely[ ] on filing a motion for relief from judgment with little or no facts and conclusions of law.'" *Id*. at ¶ 8, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103-104 (8th Dist.1974). As the trial court noted in its decision, Mr. Dunn did not assert any facts in his motion to vacate that would suggest that he has a meritorious claim. Instead, his motion and accompanying affidavit merely

addressed the second prong of the *GTE* test, regarding whether he was entitled to relief under Civil Rule 60(B)(1) or (5). *See id.*

{¶8} In his appellate brief, Mr. Dunn argues that he satisfied the first prong of the *GTE* test because he alleged a meritorious claim in his complaint. He also argues that the reason he did not attached a copy of the insurance policy to his motion is because the defendants have the only copies. Mr. Dunn has forfeited these arguments, however, because he did not raise them in the trial court. *CitiMortgage, Inc. v. Dudek*, 9th Dist. Summit No. 25806, 2012-Ohio-899, ¶ 11. In addition, this Court has held that a motion under Rule 60(B) must "include allegations of operative fact to satisfy the first prong from *GTE Automatic Elec., Inc.*, demonstrating a meritorious defense or claim." *Id.* at ¶ 14; *Pasic v. Spitzer Buick Co.*, 9th Dist. Summit No. 16454, 1994 WL 149180, *2 (Apr. 27, 1994). Upon review of Mr. Dunn's motion and affidavit, we agree with the trial court that they fail to demonstrate or even suggest that he has a meritorious claim.

{¶9} Because Mr. Dunn did not satisfy the first prong of the *GTE* test, we do not need to address his arguments regarding the other two prongs. *Akron Gen. Med. Ctr.* at ¶ 10. Upon review of the record, we conclude that the trial court did not abuse its discretion when it denied Mr. Dunn's motion to vacate. Mr. Dunn's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE APPELLANT'S CASE WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶10} Mr. Dunn argues that his lawyers were ineffective because they did not send him updates about his case, including warning him that his case was going to be dismissed. An unsuccessful civil litigant, however, may not obtain the reversal of a trial court's judgment based

upon the fact that his attorney was ineffective. *See Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122 (1997).

> Parties in civil litigation choose their own counsel who, in turn, choose their theories of prosecuting and defending. The parties, through their attorneys, bear responsibility for framing the issues and for putting both the trial court and their opponents on notice of the issues they deem appropriate for jury resolution.

*Id*. "If an attorney's representation has fallen below professional standards, remedies are available in a malpractice action." *Id*.

{¶11} The Ohio Supreme Court has explained that allowing a plaintiff to reopen his case because of his own lawyer's deficient performance unfairly penalizes the defendants. *GTE Automatic Elec.*, 47 OhioSt.2d at 152, citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1982), fn.10. Mr. Dunn's second assignment of error is overruled.

III.

{¶12} The trial court did not abuse its discretion when it denied Mr. Dunn's motion to vacate under Civil Rule 60(B). The judgment of the Lorain County common pleas court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT


WHITMORE, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶13} I concur in the majority's judgment. Although it appears that Mr. Dunn is attempting to challenge the propriety of the trial court's dismissal for failure to prosecute, that is not before this Court given that this is not a direct appeal from the trial court's dismissal of Mr. Dunn's complaint for failure to prosecute. Thus, our review is limited to whether the trial court abused its discretion in denying Mr. Dunn's motion for relief from judgment rather than the propriety of its dismissal. *See Strack v. Pelton*, 70 Ohio St.3d 172, 174 *(*1994*)* (A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion.). I agree that Mr. Dunn failed to argue that he had a meritorious claim to present should relief be granted. There was no mention of a meritorious claim in his motion and he failed to set forth operative facts in his affidavit or his motion that would demonstrate that he had a meritorious claim. Thus, under these circumstances, I cannot conclude that the trial court abused its discretion when it denied Mr. Dunn's motion for relief from judgment.

APPEARANCES:

LAWRENCE J. COURTNEY, Attorney at Law, for Appellant.

STEPHEN C. MERRIAM, Attorney at Law, for Appellee.

PETER C. MUNGER and THOMAS G. MACKIN, Attorneys at Law, for Appellee.