[Cite as *Kelvon Properties, Ltd. v. Medina Automotive, L.L.C.*, 2019-Ohio-584.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

KELVON PROPERTIES, LTD., et al.

    Appellees

    v.

MEDINA AUTOMOTIVE, LLC, et al.

    Appellants

C.A. No.     18CA0062-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    16 CIV 1075

DECISION AND JOURNAL ENTRY

Dated: February 19, 2019

TEODOSIO, Presiding Judge.

{¶1}    Medina Automotive LLC, James Politowicz, and Michael McMath appeal the judgment of the Medina County Court of Common Pleas granting summary judgment in favor of Kelvon Properties Ltd. and Douglas Kern.  We affirm.

I.

{¶2}    In November 2016, Kelvon Properties Ltd. and Douglas Kern (collectively, "Kelvon") filed their complaint against Medina Automotive, LLC, James Politowicz, and Michael McMath (collectively, "Medina Automotive") for breach of a lease agreement and breach of an agreement to purchase a forklift.  Medina Automotive filed their answer and a counterclaim in January 2017.  In May 2018, Kelvon filed a motion for summary judgment, with the trial court ordering response briefs to be filed by June 21, 2018.  On June 20, 2018, a motion was filed by Michael McMath on behalf of Medina Automotive requesting an extension of time to file a response to the motion for summary judgment.  Upon the motion of Kelvon, the motion

for an extension was stricken from the record because it had been filed by a non-attorney representative of Medina Automotive, LLC. On June 22, 2018, the trial court granted summary judgment in favor of Kelvon on both counts of the complaint, as well as the counterclaim. Medina Automotive now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

IT WAS ERROR FOR THE TRIAL COURT TO GRANT PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT.

**{¶3}** In their first assignment of error, Medina Automotive argues the trial court erred in granting Kelvon's motion for summary judgment. Specifically, the issue presented to us is whether Medina Automotive may rely upon the pleadings alone, unsupported by evidentiary materials, to meet their reciprocal burden on the motion for summary judgment. We note that Medina Automotive has raised only the argument of whether it met its reciprocal burden of showing that a genuine issue of material fact remained for trial; it has not raised any argument as to the standard applied by the trial court in its judgment. As we have often written, "an appellant's assignment of error provides this Court with a roadmap to guide our review." *Taylor v. Hamlin-Scanlon*, 9th Dist. Summit No. 23873, 2008-Ohio-1912, ¶ 12. This Court declines to chart its own course when an appellant fails to provide such guidance. *Young v. Slusser*, 9th Dist. Wayne No. 08CA0019, 2008-Ohio-4650, ¶ 7. It is not this Court's duty to create an argument for the appellant, and we decline to do so here. *See Thomas v. Bauschlinger*, 9th Dist. Summit No. 27240, 2015-Ohio-281, ¶ 8.

**{¶4}** Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is

entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶5} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶6} "[A]s the burden is upon the moving party to establish the non-existence of any material factual issues, the lack of a response by the opposing party cannot, of itself, mandate the granting of summary judgment." *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 47 (1988).

However, as to the reciprocal burden once the moving party meets its initial burden, "[t]he nonmoving party has a burden of rebuttal to supply evidentiary materials supporting his position, when the moving party presents evidentiary materials which deny the claim. In that situation, the nonmoving party cannot rely on the pleadings unsupported by evidentiary material." *Firth v. Hazlett*, 9th Dist. Summit No. 12972, 1987 WL 14039, *2 (July 8, 1987), quoting *Whiteleather v. Yosowitz*, 10 Ohio App.3d 272, 275 (8th Dist.1983). *See also Riley v. Montgomery*, 11 Ohio St. 3d 75, 79 (1984) ("The appellants may not merely rely on their pleadings, but are under an affirmative duty to present evidence of a genuine issue of material fact under Civ.R. 56(E)." or "The general allegations of the appellants' answer are not sufficient to meet their burden on motion for summary judgment.").

{¶7} Having failed to file a response to Kelvon's motion for summary judgment, Medina Automotive contends the trial court was bound to consider the facts as stated in the pleadings to determine that genuine issues of material fact remained to be litigated. This position does not accurately reflect the reciprocal burden that fell upon Medina Automotive.

{¶8} Medina Automotive has failed to show that Kelvon did not meet its initial evidentiary burden in its motion for summary judgment, which had been supported by the affidavit of Douglas Kern. The burden of rebuttal may not rely merely on the pleadings, but must include evidentiary materials. Medina Automotive did not provide any evidentiary materials in support of their position, and therefore did not satisfy their burden of rebuttal.

{¶9} The assignment of error is overruled.

III.

{¶10} Medina Automotive's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
DISSENTING.

{¶11} I respectfully dissent as I believe that the trial court erred when it failed to consider the summary judgment materials through the lens of the allegations set forth in the pleadings. Civ.R. 56(C) states that a trial court must examine the pleadings prior to ruling on a

motion for summary judgment. This Court has recognized that a party cannot prevail when its motion for summary judgment is not connected to the pleadings. *See generally Schaffer v. Huntington Natl. Bank*, 9th Dist. Lorain No. 14CA010574, 2015-Ohio-207, ¶ 7-8 (reversing a summary judgment order where the motion for summary judgment pertained to the original complaint and the plaintiff had subsequently filed an amended complaint). In this case, the trial court specifically noted the items that it reviewed prior to ruling on the motion for summary judgment and it gave no indication that it reviewed the pleadings. Therefore, I would hold that the trial court erred when it granted Kelvon's motion for summary judgment without first reviewing the pleadings. Moreover, further review of the judgment entry reveals that instead of analyzing the motion for summary judgment within the framework set forth in *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996), the trial court stated that it granted the motion for summary judgment "[u]pon review of the Motion, supporting affidavit, and *for good cause shown*[.]" (Emphasis added).

{¶12} In light of the foregoing, I respectfully dissent.


APPEARANCES:

JOHN S. SALEM, Attorney at Law, for Appellants.

CHRISTOPHER L. WETHERBEE, Attorney at Law, for Appellees.