[Cite as *Ehrlich v. Medina Cty. Aud.*, 2019-Ohio-1149.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| ANETTE EHRLICH | | C.A. No. 18CA0029-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MEDINA COUNTY AUDITOR, et al. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellants | | CASE No. 14 CIV 1151 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2019

SCHAFER, Presiding Judge.

**{¶1}** Defendants-Appellants, Michael Kovack and Joan Heller, appeal the judgment of the Medina County Court of Common Pleas denying in part their motion for summary judgment on the basis of statutory immunity. This Court affirms.

I.

**{¶2}** Mr. Kovack is the elected Auditor for Medina County. As Auditor, Mr. Kovack has numerous statutorily imposed duties, including chief assessor, chief fiscal officer, lead weights and measures inspector, and secretary for the board of revision. At all times relevant to this appeal, Ms. Heller was employed as the Chief Deputy Auditor. As Chief Deputy, she was second in command to Mr. Kovack and responsible for running the office when Mr. Kovack was away from the office. Plaintiff-Appellee, Annette Ehrlich, was employed as a network administrator at the Medina County Auditor's Office from January 2005 until her termination on

September 26, 2014.  As a network administrator, she was responsible for monitoring and administering the network, logs, and related files for the Auditor's Office.

{¶3}  Following her termination, Ms. Ehrlich filed a complaint in the Medina County Court of Common Pleas against Mr. Kovack, in his individual and official capacities, Ms. Heller, in her individual and official capacities, and Medina County and the Medina County Commissioners (collectively "Medina").  Ms. Ehrlich's complaint alleged five causes of action: (I) wrongful termination in violation of R.C. 4113.52 against Mr. Kovack and Medina; (II) First Amendment retaliation pursuant to 42 U.S.C. 1983 against Mr. Kovack and Medina; (III) defamation against Ms. Heller; (IV) malicious prosecution against Ms. Heller; and (V) intentional infliction of emotional distress against Mr. Kovack, Ms. Heller, and Medina.

{¶4}  The defendants subsequently removed the matter to the Federal District Court for the Northern District of Ohio.  The federal court partially granted the defendants' motion for judgment on the pleadings, dismissing Ms. Ehrlich's First Amendment retaliation claim against Medina only.  Following discovery, the district court granted Mr. Kovack's motion for summary judgment on Ms. Ehrlich's First Amendment claim and declined jurisdiction on the remaining pendent state claims, remanding the matter to the Medina County Court of Common Pleas.  Ms. Ehrlich appealed the order and the Sixth Circuit Court of Appeals affirmed.  *See Ehrlich v. Kovack, et al.*, 6th Cir. No. 16-4751, 2017 WL 4071134 (Sept. 14, 2017).

{¶5}  Upon remand to the Medina County Court of Common Pleas, the defendants filed a motion for summary judgment, arguing in part that they were entitled to statutory immunity. The trial court granted the motion as to Medina, but denied the motion as to Mr. Kovack and Ms. Heller, determining that genuine issues of material fact remained.

{¶6} Mr. Kovack and Ms. Heller filed this interlocutory appeal, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred by denying [Mr. Kovack] and [Ms. Heller] the benefit of immunity under [R.C. 2744.03].**

{¶7} In their assignment of error, Mr. Kovack and Ms. Heller contend that the trial court erred when it denied in part their motion for summary judgment. Specifically, Mr. Kovack and Ms. Heller argue that they are entitled to immunity from Ms. Ehrlich's common-law claims pursuant to R.C. 2744.03. We note that Mr. Kovack and Ms. Heller also make several arguments related to the merits of Ms. Ehrlich's claims, however, those arguments are beyond the scope of this appeal and we decline to address them.

{¶8} "The denial of a motion for summary judgment is not ordinarily a final, appealable order." *Buck v. Reminderville*, 9th Dist. Summit No. 27002, 2014-Ohio-1389, ¶ 5. However, R.C. 2744.02(C) provides that "[a]n order that denies * * * an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." It is undisputed that Mr. Kovack and Ms. Heller are employees of a political subdivision. "This Court reviews the order de novo, and may remand the case if a genuine issue of material fact remains that necessitates further development of the facts regarding the issue of immunity." *Artim v. Lorain Cty. Bd. of Dev. Disabilities*, 9th Dist. Lorain Nos. 12CA010214, 12CA010220, 2013-Ohio-2372, ¶ 6, citing *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 21.

{¶9} Under Civ.R. 56(C), summary judgment is appropriate when:

> (1)[no] genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). "Before making such a contrary finding, however, a court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party." *Stepp v. Medina City School Dist. Bd. of Edn.*, 9th Dist. Medina Nos. 15CA0071-M, 15CA0073-M, 2016-Ohio-5875, ¶ 22. "A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor." *Kelvon Properties, Ltd. v. Medina Automotive, L.L.C.*, 9th Dist. Medina No. 18CA0062-M, 2019-Ohio-584, ¶ 4, citing *Perez v. Scripps-Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988). The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293.

**A. Mr. Kovack**

{¶10} As an initial matter, we must determine whether we have jurisdiction to consider the appeal as it pertains to Mr. Kovack. First, a review of the motion for summary judgment shows that Mr. Kovack only asserted that he was statutorily immune from Ms. Ehrlich's common law claim of intentional infliction of emotional distress and not Ms. Ehrlich's claim for wrongful termination. Regarding Ms. Ehrlich's claim for wrongful termination in violation of R.C. 4113.52, the motion for summary judgment specifically states in footnote 10, "R.C.

4113.52 expressly imposes the potential for liability upon political subdivisions and their employees; Defendants do not assert an immunity defense to the claim brought by Plaintiff under that statute. * * * ." Accordingly, the trial court made no determination as to whether or not Mr. Kovack was statutorily immune from Ms. Ehrlich's wrongful termination claim. Thus, to the extent Mr. Kovack's arguments on appeal suggest the trial court should have granted him immunity on Ms. Ehrlich's wrongful termination claim, we decline to address it. *See Catalanotto v. Byrd*, 9th Dist. Summit No. 27824, 2016-Ohio-2815, ¶ 12 ("Due to our role as a reviewing court, we cannot make a determination regarding the merits of an argument in the first instance.").

**{¶11}** Moreover, in denying the defendant's motion for summary judgment on the issue of statutory immunity, the trial court only considered Mr. Kovack's "claim [he was] immune from [Ms. Ehrlich]'s common law claims." The only common law claim Ms. Ehrlich asserted against Mr. Kovack in her complaint was a claim for intentional infliction of emotional distress. However, a review of the journal entry at issue shows that although the trial court overruled the motion as to Mr. Kovack's immunity defense as to Ms. Ehrlich's claim for intentional infliction of emotional distress, it also granted summary judgment in favor of Mr. Kovack on that claim. Although we note that the propriety of the trial court's grant of summary judgment is beyond the scope of our current review, there is no doubt that Ms. Ehrlich's claim for intentional infliction of emotional distress was disposed of prior to the present appeal.

**{¶12}** Therefore, we conclude that since no common law claims were pending against Mr. Kovack at the time of this appeal, his appellate argument concerning his alleged entitlement to statutory immunity as to Ms. Ehrlich's common law claims is moot and we decline to address it. *See State ex re. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶ 10 ("A

case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (Internal quotations and citations omitted).

**B. Ms. Heller**

{¶13} Ms. Ehrlich's complaint alleged claims for defamation and malicious prosecution against Ms. Heller. The defamation claim alleges that Ms. "Heller made statements to the Medina County Court of Common Pleas and other individuals that Ehrlich was violent and took FMLA leave due to anxiety issues[;]" that such statements were false and were made with the knowledge that they were false, or in the reckless disregard of their truth. The claim further alleges that Ms. Heller's statements caused harm to the reputation of Ms. Ehrlich and proximately caused the loss of her employment. The malicious prosecution claim alleges that Ms. Heller maliciously prosecuted Ms. Ehrlich when Ms. Heller filed a petition for a civil stalking protection order ("CPO") against Ms. Ehrlich with malice and without probable cause. The complaint alleges that in her petition, Ms. Heller falsely accused Ms. Ehrlich of throwing papers at Ms. Heller, exhibiting aggressive behavior and taunting Ms. Heller, and falsely stated that Ms. Ehrlich took FMLA leave due to her "anxiety issues."

{¶14} In her motion for summary judgment, Ms. Heller argued that Ms. Ehrlich did not dispute that she was acting within the course and scope of her employment and that Ms. Ehrlich had failed to produce any evidence to suggest Ms. Heller acted willfully, wantonly, recklessly, maliciously, or in bad faith. In response, Ms. Ehrlich stated that, on the contrary, she did dispute that Ms. Heller was acting within the course and scope of her employment when she published false statements to third parties or when she filed her petition for a CPO. Ms. Ehrlich argued further that Ms. Heller's actions were done with malicious purpose, in bad faith, or in a wanton or reckless manner. In denying Ms. Heller's motion for summary judgment as to her statutory

immunity claim, the trial court concluded that Ms. Ehrlich had "set forth evidence presenting genuine issues of material fact" as to whether or not Ms. Heller was statutorily immune from her claims.

{¶15} R.C. 2744.03(A)(6) provides immunity for employees of a political subdivision. That statute provides, in pertinent part:

> In a civil action brought against * * * an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, * * * the employee is immune from liability unless one of the following applies:
>
> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
>
> * * * [.]

{¶16} Ms. Heller argues on appeal that her conduct was within the scope of her employment because the statements she made "were made in relation to [Ms. Ehrlich]'s employment" and Ms. Ehrlich's conduct directly related to that employment and that her "actions to obtain a protective order were motivated by work-related purposes." Ms. Heller next argues that she did not act with a malicious purpose, in bad faith, or in a wanton or reckless manner when she applied for a CPO. Finally, Ms. Heller argues that assuming she did make the allegedly defamatory statements, she did not do so with a malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶17} "This Court has previously held that 'the exceptions to immunity set forth in R.C. 2744.03 must be narrowly construed.'" *Stoll v. Gardner*, 182 Ohio App.3d 214, 2009-Ohio-1865, ¶ 16 (9th Dist.), quoting *Sturgis v. E. Union Twp.*, 9th Dist. Wayne No. 05CA0077, 2006-Ohio-4309, ¶ 18. This Court has also stated that

conduct is within the scope of employment if it is initiated, in part, to further or promote the master's business. For an act to fall within the scope of employment, it must be calculated to facilitate or promote the business for which the employee or agent was employed. In general, if an act is committed within the scope of employment, it will be authorized, either expressly or impliedly, by the employer. It is only where the acts of state employees are motivated by actual malice or other situations giving rise to punitive damages that their conduct may be outside the scope of their state employment.

(Internal quotations and citations omitted.) *Thomas v. Bauschlinger,* 9th Dist. Summit No. 27240, 2015-Ohio-281, ¶ 25. "The Supreme Court of Ohio has long recognized 'that it is rarely possible to prove actual malice otherwise than by conduct and surrounding circumstances. One who has committed an act would scarcely admit that he was malicious about it, and so, necessarily, malice can be inferred from conduct.'" *Coterel v. Reed*, 2d Dist. Greene No. 2015-CA-69, 2016-Ohio-7411, ¶ 20, quoting *Davis v. Tunison*, 168 Ohio St. 471, 475 (1959). Furthermore,

[a] person's subjective state of mind is generally considered a jury issue, because it calls for making inferences after weighing the credibility of a witness's entire testimony and cannot be discerned by focusing on a few lines taken out of context from a deposition or a single answer to a discovery request. In a summary judgment proceeding, the trial court, unlike a jury, may not weigh the evidence or choose among reasonable inferences. *Dupler v. Mansfield Co., Inc.*, 64 Ohio St.2d 116 [] (1980). The Supreme Court of Ohio has recognized that the issue of wanton misconduct is normally a jury question. *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356 [] (1994).

*Coterel* at ¶ 20.

{¶18} The terms "'[w]illful,' 'wanton,' and 'reckless' describe different and distinct degrees of care and are not interchangeable." *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, paragraph one of the syllabus. "One acts with a malicious purpose if one willfully and intentionally acts with a purpose to cause harm." *Moss v. Lorain Cty. Bd. of Mental Retardation*, 185 Ohio App.3d 395, 2009-Ohio-6931, ¶ 19 (9th Dist.). "Willful misconduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate

purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury." *Anderson* at paragraph two of the syllabus.

{¶19} "The term 'bad faith' embraces more than bad judgment or negligence; it is conduct that involves a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." (Internal quotations and citations omitted.) *Bauschlinger* at ¶ 22. "Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Anderson* at paragraph three of the syllabus. Finally, "[r]eckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.* at paragraph four of the syllabus. "The actor must be conscious that his conduct will in all probability result in injury." *O'Toole v. Denihan,* 118 Ohio St.3d 374, 2008-Ohio-2574, paragraph three of the syllabus. There must be a "perverse disregard of a known risk." *Id.*

{¶20} In her response to the motion for summary judgment, Ms. Ehrlich alleged that Ms. Heller was not immune from suit because her actions were manifestly outside the scope of her employment and because she acted with malicious purpose, in bad faith, or in a wanton or reckless manner. Ms. Ehrlich supported her response with references to the record including both her deposition testimony and Ms. Heller's deposition testimony as well as Ms. Heller's petition for a CPO. Regarding her claim for defamation, Ms. Ehrlich contends that Ms. Heller's malicious purpose, bad faith, and wanton or reckless manner can be inferred from the following conduct. Although Ms. Heller allegedly told a reporter that she was afraid of Ms. Ehrlich due to

a specific incident at work, Ms. Heller admitted to taunting Ms. Ehrlich directly after the incident. Ms. Ehrlich falsely accused Ms. Heller of badly injuring her hand and made false comments in the newspaper to make Ms. Ehrlich appear insane and violent. Ms. Ehrlich also points out that Ms. Heller made these statements to third parties not related to the auditor's office.

{¶21} Related to her claim for malicious prosecution, Ms. Ehrlich contends that Ms. Heller's malicious purpose, bad faith, and wanton or reckless manner can be inferred from the following conduct. In her petition for a CPO, Ms. Heller cited three separate incidents as part of a pattern of conduct that she stated caused her to believe that Ms. Ehrlich would cause her physical harm. However, a review of her testimony shows that Ms. Heller specifically denied being afraid of Ms. Ehrlich on two of those occasions and expressly admitted to taunting Ms. Ehrlich after one of those occasions. Ms. Ehrlich also points to Ms. Heller's inclusion of her private medical information in the petition for the CPO, which Ms. Ehrlich contends Ms. Heller was legally obligated to not disclose. Additionally, Ms. Heller included an incorrect claim that Ms. Ehrlich "requested FMLA for anxiety issues." Although Ms. Heller stated she did not know why she included this information, Ms. Ehrlich contends this inclusion was an attempt to imply that Ms. Ehrlich was mentally unstable. Ms. Ehrlich also points out that Ms. Heller did not allege in the petition that she made any threats toward Ms. Heller and that Ms. Heller immediately dismissed the petition following an ex parte hearing.

{¶22} Viewing the above cited evidence in a light most favorable to Ms. Ehrlich, the non-moving party, we conclude that genuine issues of material fact remain as to whether Ms. Heller acted manifestly outside the scope of her employment and whether she acted with malicious purpose, in bad faith, or in a reckless manner. *See Kelvon*, 2019-Ohio-584, ¶ 4, citing

*Perez*, 35 Ohio St.3d at 218; *see also Dresher*, 75 Ohio St.3d at 293. Therefore, the assignment of error is overruled as it relates to Ms. Heller.

III.

{¶23} Mr. Kovack and Ms. Heller's joint assignment of error is moot as it pertains to Mr. Kovack and overruled as it pertains to Ms. Heller. Therefore, the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
<u>CONCUR.</u>


<u>APPEARANCES</u>:

FRANK H. SCIALDONE, Attorney at Law, for Appellants.

THEODORE J. LESIAK and KRISTOPHER IMMEL, Attorneys at Law, for Appellee.