[Cite as *Smith v. Allstate Ins. Co.*, 2019-Ohio-4557.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| ANDRE SMITH | | C.A. No.     29339 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.     CV-2018-04-1531 |
| ALLSTATE INSURANCE COMPANY, et al. | | |
| Appellees | | |

## DECISION AND JOURNAL ENTRY

Dated: November 6, 2019

CALLAHAN, Judge.

{¶1}    Appellant, Andre Smith, appeals from the judgment of the Summit County Common Pleas Court granting summary judgment in favor of Appellees, Allstate Insurance Company, Starr Robinson, Deconda Cleary, Cindy Henson, and Chris Durfee (collectively "the Allstate parties"), as to his claim for retaliation. For the reasons set forth below, this Court affirms.

I.

{¶2}    Mr. Smith was hired by Allstate Insurance Company ("Allstate") on October 6, 2014. Mr. Smith was a Coaching Partner, which required him to sit with new customer service employees, listen to their calls, and provide coaching and feedback on how to handle calls.

{¶3}    During the next two years, Mr. Smith, an African American male, applied for and was denied six promotions. The promoted employees were Caucasian and/or female. On

November 25, 2016, Mr. Smith voiced his concerns about racial and sexual discrimination to Allstate's management.

{¶4} On the same day that Mr. Smith lodged his discrimination complaint, Starr Robinson, a Senior Manager at Allstate, learned that Mr. Smith made threatening comments to another employee. Although Ms. Robinson was a Senior Manager, there is uncontested evidence that she was not aware of Mr. Smith's discrimination complaints.

{¶5} The allegation of Mr. Smith making threatening comments was referred to Allstate's Centralized Employee Relations Team ("CERT")[1] for an internal investigation. Mr. Smith was instructed not to return to work on November 27, 2016 and was placed on paid leave pending CERT's investigation into the alleged threats. CERT began its investigation on November 28, 2016, which lasted for two weeks. The CERT investigation validated that Mr. Smith made threats in the workplace and recommended he be terminated. Mr. Smith was terminated the following day, December 15, 2016. The complaint alleges Mr. Smith was "effectively terminated" on November 27, 2016 and "officially terminated" on December 9, 2016.

{¶6} Mr. Smith filed a complaint alleging retaliation and wrongful termination, discriminatory hiring practices, and multiple counts of racial and sexual discrimination. The Allstate parties moved for partial summary judgment as to Mr. Smith's retaliation and wrongful termination claim (count 8). Mr. Smith filed a brief in opposition. The trial court granted summary judgment in favor of the Allstate parties as to that claim only, but did not include the Civ.R. 54(B) certification on the order.

---

[1] CERT is an independent division at Allstate that conducts neutral internal investigations regarding employment matters concerning performance, behavior, misconduct, and other related personnel issues.

{¶7} The Allstate parties then filed a supplemental motion for summary judgment as to the discrimination claims in counts 1-7. Additionally, the Allstate parties filed a motion to dismiss the action for failure to prosecute based upon Mr. Smith's failure to respond to discovery and comply with the trial court's discovery orders. In lieu of responding to these motions, Mr. Smith filed a Civ.R. 41(A)(1)(a) notice of voluntary dismissal without prejudice as to "all unadjudicated claims (1 through 7)" against the Allstate parties. However, Mr. Smith's voluntary dismissal without prejudice of the remainder of his claims against the Allstate parties pursuant to Civ.R. 41(A)(1)(a) was ineffective to create a final, appealable order. *See Pattison v. W.W. Grainger, Inc.,* 120 Ohio St.3d 142, 2008-Ohio-5276, ¶ 1.

{¶8} Following the filing of Mr. Smith's notice of dismissal, the trial court entered an order which incorporated its earlier disposition of count 8 and added the Civ.R. 54(B) certification. This order converted the earlier summary judgment ruling on count 8 in favor of the Allstate parties into a final, appealable order. *See Ningard v. Shin Etsu Silicones*, 9th Dist. Summit No. 24524, 2009-Ohio-3171, ¶ 6, 9.

{¶9} Nine days later, Mr. Smith filed a motion for reconsideration relative to the partial summary judgment against him and the Allstate parties filed a brief in opposition. The trial court did not rule on the motion for reconsideration. Mr. Smith timely appealed the judgment entries granting partial summary judgment, asserting one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY GRANTING PARTIAL SUMMARY JUDGMENT WITHOUT CITING TO ANY EXHIBITS OR DOCUMENTS CONTAINING FACTUAL ASSERTIONS.

{¶10} Mr. Smith argues that the trial court erred in granting summary judgment as to count 8 to the Allstate parties because there was no evidence in the record supporting the decision and the trial court failed to cite the evidence it relied upon when rendering its decision. Mr. Smith also argues summary judgment is improper because his trial counsel provided ineffective representation relative to conducting discovery and responding to the summary judgment motion. This Court disagrees with each of Mr. Smith's arguments.

**Summary Judgment Standard**

{¶11} This Court reviews an order granting summary judgment de novo. *See Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24, citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment is proper under Civ.R. 56(C) when: (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶12} Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* at 292-293. Once the moving party satisfies this burden, the nonmoving party has a "reciprocal burden" to "'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E). The non-moving party may

not rest upon the mere allegations or denials in the pleadings, but must point to or submit evidence of the type specified in Civ.R. 56(C). *Dresher* at 293; Civ.R. 56(E).

**The Evidence**

{¶13} On appeal, Mr. Smith contends that the trial court erred in granting summary judgment due to the complete absence of any evidence. Mr. Smith "suggests that neither the exhibits attached to [the Allstate parties'] motion for partial summary judgment nor [the] exhibits attached to [Mr. Smith's trial] counsel's 'motion for reconsideration' are properly before this Court." We disagree with Mr. Smith as it pertains to the Allstate parties' exhibits, but agree with respect to the exhibits attached to the motion for reconsideration.

{¶14} Mr. Smith acknowledges that there were affidavits and other documents attached to the Allstate parties' motion for summary judgment, but claims they are not "properly in the record." In his assignment of error, Mr. Smith fails to present any reason or legal authority as to why the attachments to the summary judgment motion are not proper evidentiary materials under Civ.R. 56(C) and (E) and it is not this Court's duty to create an argument for him. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out.").

{¶15} Moreover, Mr. Smith is precluded from challenging on appeal the moving parties' summary judgment evidence as he failed to make an objection to the trial court regarding any alleged nonconforming evidence. *Wolford v. Sanchez*, 9th Dist. Lorain No. 05CA008674, 2005-Ohio-6992, ¶ 21. As Mr. Smith did not object to the Allstate parties' evidence in support of the summary judgment motion and the trial court referenced the same in its order, we will consider

those affidavits and documents in our de novo review. *Id.*; *Brunke v. Ohio State Home Servs., Inc.*, 9th Dist. Lorain No. 13CA010500, 2015-Ohio-2087, ¶ 11, fn. 2.

{¶16} Next, Mr. Smith argues that the documents attached to his motion for reconsideration are not proper summary judgment evidence. We agree. Motions for reconsideration only allow relief from non-final orders. *Flood Co. v. St. Paul Fire & Marine Ins. Co.*, 9th Dist. Summit Nos. 21679, 21683, 2004-Ohio-1599, ¶ 8. As addressed above, the partial summary judgment ruling is a final, appealable order; therefore, Mr. Smith's motion for reconsideration, including the attachments thereto, is a nullity. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981). *See State v. Babb*, 9th Dist. Summit No. 23631, 2007-Ohio-5102, ¶ 5. *See also State v. Helfrich*, 3d Dist. Seneca Nos. 13-17-30, 13-17-31, 13-17-32, 2018-Ohio-638, ¶ 27, fn. 7; *Ayers v. Precision Environmental Co.*, 8th Dist. Cuyahoga No. 93559, 2010-Ohio-4479, ¶ 22-23. Accordingly, the exhibits attached to the motion for reconsideration were not properly before the trial court, or this Court. *See Babb* at ¶ 5; *Helfrich* at ¶ 27, fn. 7; *Ayers* at ¶ 23.

**Factual Citations**

{¶17} Mr. Smith also contends that the trial court's order prohibits a meaningful review by this Court because the trial court did not provide factual citations to any evidence in the record that supports its decision to grant partial summary judgment. Mr. Smith's reliance upon *Kokoski v. Kokoski*, 9th Dist. Lorain No. 12CA010202, 2013-Ohio-3567, for such a proposition is misplaced. *Kokoski* involved a remand of a post-trial decision regarding the division of property in a divorce action because the trial court's order did not contain sufficient detail explaining how certain debts were calculated in order for this Court to determine whether the

trial court's finding was supported by the record, and not because there were "no factual citations" in a partial summary judgment order. *Id*. at ¶ 3, 11.

{¶18} Mr. Smith misconstrues the trial court's duty in ruling on a summary judgment motion. "Civ.R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356 (1992), syllabus. The trial court is presumed to have met this duty when there is no record that affirmatively indicates otherwise. *See McNeil v. Case W. Res. Univ.*, 105 Ohio App.3d 588, 593 (8th Dist.1995).

{¶19} In this matter, the trial court's order identified the evidence attached to the Allstate parties' motion, noted the failure of Mr. Smith to attach any evidence in his opposition brief, and summarized the facts contained within the submitted evidence. While the trial court's order did not provide official "factual citations" to the evidence it used, the trial court's identification and discussion of the evidence adequately identified the sources of the facts upon which it relied. Thus, the trial court's order reflects that it complied with its mandatory duty under Civ.R. 56(C) and we conclude that the order is sufficient for this Court to conduct a meaningful de novo review.

**Retaliation**

{¶20} In count 8, Mr. Smith alleged that in response to his "voicing concerns to management about [the] likelihood of racial and sexual discrimination," Allstate retaliated against him by telling him not to return to work and then officially terminating him. The Allstate parties confined their summary judgment motion to the issue of the lack of causal connection between the protected activity and the adverse employment action by asserting that "[Mr. Smith]

simply cannot establish he would not have been terminated but for his alleged engagement in protected activity." (Emphasis deleted.)  We will limit our review accordingly.

{¶21}  R.C. 4112.02(I) is an antiretaliation provision.  *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, ¶ 13.  Under this provision, it is

> an unlawful discriminatory practice * * * [f]or any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code.

R.C. 4112.02(I).  Federal case law regarding Title VII of the Civil Rights Act of 1964 generally applies to R.C. Chapter 4112 violations, including retaliation claims.  *Varner v. The Goodyear Tire and Rubber Co.*, 9th Dist. Summit No. 21901, 2004-Ohio-4946, ¶ 10, citing *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm.*, 66 Ohio St.2d 192, 196 (1981).

{¶22}  An employee must prove the following elements to establish a prima facie case of retaliation:  "(1) [he] engaged in a protected activity, (2) the defending party was aware that the claimant had engaged in that activity, (3) the defending party took an adverse employment action against the employee, and (4) there is a causal connection between the protected activity and adverse action."  *Greer-Burger* at ¶ 13, citing *Canitia v. Yellow Freight Sys., Inc.*, 903 F.2d 1064, 1066 (6th Cir.1990).  Once the plaintiff demonstrates a prima facie case of retaliation, then the burden shifts to the defendant to offer a "'legitimate, nondiscriminatory reason' for its actions."  *Greer-Burger* at ¶ 14, quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  After the defendant satisfies this burden, then the plaintiff must demonstrate that the proffered reason for the adverse action was pretext.  *Greer-Burger* at ¶ 14, quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

{¶23} "Ultimately, [the plaintiff] will have 'to establish that * * * [his] protected activity was a but-for cause of the alleged adverse action by the employer.'" *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 504 (6th Cir.2014), quoting *Univ. of Texas S.W. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). *See Smith v. Dept. of Pub. Safety*, 10th Dist. Franklin No. 12AP-1073, 2013-Ohio-4210, ¶ 60 (The Plaintiff must "prove that retaliation is the but-for cause of adverse employment action."). This means that "the plaintiff must ultimately prove, by a preponderance of the evidence, that the plaintiff's protected activity was the determinative factor in the employer's adverse employment action." *Wholf v. Tremco, Inc.*, 8th Dist. Cuyahoga No. 100771, 2015-Ohio-171, ¶ 43. Thus, even if the plaintiff is able to establish a prima facie case of retaliation, the plaintiff's retaliation claim fails when "'it appears from the evidence that the employer would have made the same decision regardless of the plaintiff's participation in the protected activity.'" *Goad v. Sterling Commerce, Inc.*, 10th Dist. Franklin No. 99AP-321, 2000 WL 756386, *10, quoting *Neal v. Hamilton Cty.*, 87 Ohio App.3d 670, 678 (1st Dist.1993). *See Hall v. Banc One Mgmt. Corp.*, 10th Dist. Franklin No. 04AP-905, 2006-Ohio-913, ¶ 44-45, 52, *rev'd on other grounds by* 114 Ohio St.3d 484; *Boggs v. The Scotts Co.*, 10th Dist. Franklin No. 04AP-425, 2005-Ohio-1264, ¶ 23.

{¶24} In support of their motion for summary judgment, the Allstate parties submitted the affidavit of Ms. Robinson, a Senior Manager at Allstate. On November 25, 2016, Ms. Robinson learned of a complaint from a Customer Service Representative about a threatening comment made by Mr. Smith. Ms. Robinson averred that Mr. Smith was placed on paid leave pending an investigation of this complaint by CERT.

{¶25} The Allstate parties also presented the affidavit of T.J., who was the CERT Senior Consultant assigned to investigate the report that Mr. Smith made a threatening comment to a

Customer Service Representative.  Attached to T.J.'s affidavit was the CERT Termination Request, which consisted of a written report of her investigation and findings and CERT's recommendation.  Additionally, T.J.'s affidavit attached Chapters 12 and 14 of Allstate's Human Resource Policy Guide.

{¶26}  Allstate's Human Resource Policy Guide, Chapter 12, titled Employee Relations, contains a section governing "Employee Security and Workplace Violence."  This section defines workplace violence as direct or implied threats and intentional acts or other conduct that would arouse fear, hostility, intimidation, or apprehension of harm in another person.  Covered under the policy are threats and acts that cause fear in a person for his/her personal safety and the safety of his/her family, friends, coworkers, clients, employer, and property.  A violation of this section will result in discipline, up to or including termination.  Moreover, Chapter 14, which governs the termination of employees, reiterates that "[t]hreats or acts of physical harm or violence * * * to any person, regardless of whether he/she is employed by Allstate" could result in the employee's immediate termination.

{¶27}  T.J.'s investigation consisted of interviewing three Customer Service Representatives, a Team Lead, and Mr. Smith regarding the alleged threatening comments.  In his interview with T.J., Mr. Smith denied making some of the alleged statements, but admitted to making other statements.

{¶28}  Specifically, Mr. Smith admitted to T.J. that the week before Thanksgiving he said "'I kill you'"[2] to two Customer Service Representatives that he coached, but claimed he was

---

[2] We recognize that the trial court quoted Mr. Smith as saying "'I'll kill you[,]'" while the Allstate parties quoted Mr. Smith as stating "'I kill you'" and "'I'll kill you'" interchangeably in their summary judgment motion and exhibits.  Mr. Smith does not challenge the discrepancy in the quoted language.

"jokingly quoting a movie." Mr. Smith conceded during the investigation that such a statement "could be perceived as threat[en]ing," but the individual to whom he was speaking knew it was a joke. Also, Mr. Smith admitted that a Team Lead heard his comment and advised him "that he can't say that in the workplace."

{¶29} T.J.'s CERT investigation confirmed that "[Mr.] Smith made verbal threats of physical harm in the workplace" which was a violation of Allstate's "Employee Security and Workplace Violence" policy and recommended that he be terminated. On December 15, 2016, Ms. Robinson reviewed and approved CERT's Termination Request. Further, the evidence is uncontested that Ms. Robinson was unaware of Mr. Smith's earlier racial and sexual discrimination complaints when she approved the request to terminate Mr. Smith.

{¶30} Based upon the evidence presented by the Allstate parties, they have pointed to Mr. Smith's paid leave and termination as being a direct result of his violation of Allstate's workplace violence policy. Thus, the Allstate parties have presented evidence that Mr. Smith would have been placed on paid leave and his employment terminated regardless of whether he had made complaints of racial and sexual discrimination. Accordingly, the Allstate parties met their initial burden under *Dresher* and demonstrated that no genuine issue of material fact existed regarding retaliation being the "but for" cause of Mr. Smith's paid leave and termination.

{¶31} The burden then switched to Mr. Smith to point to or present evidence to show the existence of a genuine issue for trial regarding retaliation being the "but for" cause of his paid leave and termination. *See Dresher*, 75 Ohio St.3d at 293; Civ.R. 56(E). As the non-moving party, Mr. Smith had ""a burden of rebuttal to supply evidentiary materials supporting his position"" when the Allstate parties produced evidentiary materials denying the retaliation claim. *See Kelvon Props., Ltd. v. Medina Automotive, LLC*, 9th Dist. Medina No. 18CA0062-M,

2019-Ohio-584, ¶ 6, quoting *Firth v. Hazlett*, 9th Dist. Summit No. 12972, 1987 WL 14039, *2 (July 8, 1987), quoting *Whiteleather v. Yosowitz*, 10 Ohio App.3d 272, 275 (8th Dist.1983). Mr. Smith could not rely solely upon the allegations and denials in the pleadings to meet his burden, and instead was required to also present evidentiary materials. *See Kelvon Props., Ltd.* at ¶ 8. *See also Smith v. Wayne Cty. Dept. of Human Servs.*, 9th Dist. Wayne No. 02CA0013, 2003-Ohio-364, ¶ 20.

{¶32} In his brief in opposition to summary judgment, Mr. Smith did not deny that he made the alleged threatening statements, nor did he dispute that Allstate has a workplace violence policy and the terms of the policy. Instead, Mr. Smith disputed that his behavior or activity was a violation of Allstate's workplace violence policy. He challenged CERT's finding and conclusion by arguing that the coworkers to whom he made the alleged threatening statements did not view or acknowledge the statements as constituting a threat. Mr. Smith also argued that the alleged threats were made several weeks prior to his discrimination complaint and termination. Lastly, Mr. Smith indicated that the Ohio Department of Job and Family Services Office of Unemployment Compensation determined that he was discharged without just cause.

{¶33} Mr. Smith's brief neither presented nor pointed to any evidence in the record in support of his arguments or as to any discriminatory intent by the Allstate parties. Instead, his brief relied solely upon bald assertions and generalizations, conclusory statements, and his own subjective belief, none of which were sufficient to show the existence of a genuine issue of material fact that he would not have been placed on paid leave and terminated but for his alleged engagement in protected activity. As Mr. Smith did not produce any evidentiary materials in support of his position, he has failed in his reciprocal burden under Civ.R. 56(E) to show the

existence of a genuine issue of material fact that retaliation was the "but for" cause of his paid leave and termination. *See Kelvon Props., Ltd.* at ¶ 8.

{¶34} Upon careful review of the record as it existed at the time the trial court ruled on the Allstate parties' motion for summary judgment and viewing the evidence in the light most favorable to Mr. Smith, we conclude that Mr. Smith failed to raise a genuine issue of material fact as to his retaliation claim. Accordingly, the trial court did not err in granting the Allstate parties' motion for partial summary judgment as to count 8.

**Ineffective Assistance of Counsel**

{¶35} Lastly, Mr. Smith acknowledges that ineffective assistance of counsel in civil cases has not been recognized by Ohio courts, but nonetheless suggests that this Court reverse the trial court's summary judgment decision on that basis. This Court and our sister courts have universally held that "[a]n unsuccessful civil litigant, * * * may not obtain the reversal of a trial court's judgment based upon the fact that his attorney was ineffective[]" and instead "'remedies are available in a malpractice action.'" *Dunn v. State Auto. Mut. Ins. Companies*, 9th Dist. Lorain No. 12CA010332, 2013-Ohio-4758, ¶ 10-11, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122 (1997). *See Lykes v. Akron Dept. of Public Serv.*, 9th Dist. Summit No. 26570, 2014-Ohio-578, ¶ 14; *Smith v. Cindy Lucky 7's LLC*, 9th Dist. Summit No. 29065, 2019-Ohio-1157, ¶ 7. *See also D.O.I.T., LLC v. Bd. of Wright Dunbar Technology Academy*, 2d Dist. Montgomery No. 23250, 2011-Ohio-4538, ¶ 5; *Guendelsberger v. Ng*, 3d Dist. Hardin No. 6-93-4, 1993 WL 542490, *1 (Dec. 30, 1993); *Dantzig v. Biron*, 4th Dist. Highland No. 07CA1, 2008-Ohio-209, ¶ 9; *Clark v. Boals*, 5th Dist. Licking No. 06CA104, 2007-Ohio-2319, ¶ 68; *Roth v. Roth*, 65 Ohio App.3d 768, 776 (6th Dist.1989); *DeSarro v. Larkins*, 7th Dist. Columbiana No. 15 CO 0021, 2017-Ohio-726, ¶ 24; *Myers v. O'Rourke*, 8th Dist. Cuyahoga No. 53576, 1988 WL

37125, * 1 (Apr. 7, 1988); *Bonn v. Bonn*, 10th Dist. Franklin No. 12AP-1047, 2013-Ohio-2313, ¶ 17; *Mayle v. Ravenna Aluminum*, 11th Dist. Portage No. 98-P-0103, 1999 WL 1073805, *2 (Nov. 5, 1999); *Garabedian v. Garabedian*, 12th Dist. Butler No. CA90-02-037, 1990 WL 179592, *4 (Nov. 19, 1990). Mr. Smith has not provided a compelling argument or any legal authority to persuade this Court to depart from this well-settled position. Accordingly, Mr. Smith's request for reversal of the partial summary judgment based upon his trial counsel's alleged ineffective assistance of counsel is not well-taken.

{¶36} Mr. Smith's assignment of error is overruled.

### III.

{¶37} Mr. Smith's assignment of error is overruled. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.


APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

EDWARD H. CHYUN and INNA SHELLEY, Attorneys at Law, for Appellee.