[Cite as *United States of Am. v. English*, 2012-Ohio-1882.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

UNITED STATES OF AMERICA
ACTING THROUGH THE RURAL
DEVELOPMENT, UNITED STATES
DEPARTMENT OF AGRICULTURE

      Plaintiff

      v.

SCOTT ENGLISH, et al.

      Defendants-Appellants

      and

WAYNE SAVINGS COMMUNITY BANK

      Defendant-Appellee

C.A. No.     11CA0016

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    10-CV-0148

DECISION AND JOURNAL ENTRY

Dated: April 30, 2012

WHITMORE, Presiding Judge.

{¶1}   Defendant-Appellants, Scott and Abbie English ("the Englishes"), appeal from the judgment of the Wayne County Court of Common Pleas, entering a decree of foreclosure and judgment in favor of Appellee, Wayne Savings Community Bank ("Wayne Savings"). This Court reverses.

I

{¶2}   The Englishes executed two different mortgage notes for the same property in two different amounts on the same day; one to United States of America acting through the Rural Development, United States Department of Agriculture (USDA) and one to Wayne Savings.

Subsequently, the Englishes defaulted on both notes. On February 22, 2010, the United States of America acting through the Rural Development, United States Department of Agriculture (USDA) filed an action for foreclosure and a money judgment against the Englishes, as well as Wayne Savings and several other entities with potential interests in the property. Wayne Savings answered and filed a cross-claim against the Englishes, seeking a judgment for the note due and payable to it. The Englishes received two leaves to plead before filing their answer and a request for mediation on May 21, 2010. Subsequently, the Englishes filed for Chapter 7 bankruptcy, and this case was removed from the trial court's active docket.

{¶3} The trial court reactivated this case in February 2011. On March 18, 2011, Wayne Savings filed a motion for summary judgment against the Englishes. On March 24, 2011, the trial court entered a judgment entry and decree of foreclosure. The judgment entry declared the rights and obligations of all the parties, designated the lien held by Wayne Savings as first in priority, and ordered a judgment in favor of Wayne Savings, to be paid from proceeds of the sale, in the amount of $15,933.21, plus interest. All of the parties, with the exception of the Englishes, approved the judgment entry before its journalization.

{¶4} The Englishes now appeal from the trial court's judgment and raise one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED PREMATURELY AND WITHOUT NOTICE APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶5} In their sole assignment of error, the Englishes argue that the trial court erred by granting summary judgment in favor of Wayne Savings. We agree.

{¶6} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), a motion for summary judgment "shall be served at least fourteen days before the time fixed for hearing." *Accord* Wayne County Court of Common Pleas, Loc.R. 4(C)(1) (providing that the trial court will fix a hearing date in accordance with Civ.R. 56(C) upon the filing of a motion for summary judgment). The opposing party may then serve and file opposing affidavits. Civ.R. 56(C).

> As applied to summary judgment, procedural due process requires that a nonmoving party have an opportunity to respond before the adjudication of a motion for summary judgment. [Civil Rule 56's] procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard.

(Internal citations and quotations omitted.) *M-N North Chase II, L.L.C. v. Roe*, 9th Dist. No. 25694, 2011-Ohio-4071, ¶ 8. An oral hearing on a motion for summary judgment is not necessary, but "if an oral hearing is not held, the non-moving party should receive notice of the date its brief is due or notice 'of the date on which the motion [for summary judgment] is deemed submitted for decision.'" *Bank of New York v. Brunson*, 9th Dist. No. 25118, 2010-Ohio-3978, ¶ 9, quoting *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 17. It is reversible error for a trial court to prematurely grant a motion for summary judgment without first providing the non-moving party with an opportunity to respond. *Brunson* at ¶ 10.

{¶7} The trial court here granted judgment in favor of Wayne Savings six days after Wayne Savings moved for summary judgment. The record before us does not demonstrate that the court set the matter for hearing or gave the Englishes notice of a date on which their brief in opposition would be due. *See Brunson* at ¶ 9, quoting *Hooten* at ¶ 17. Moreover, the court granted the motion for summary judgment before the fourteen-day period set forth by Civ.R. 56(C) elapsed. In prematurely ruling on Wayne Savings' motion, the court failed to ensure that

the Englishes had an opportunity to be heard. The Englishes are correct in their assertion that the trial court erred by granting summary judgment in favor of Wayne Savings under the circumstances. Accordingly, their sole assignment of error is sustained, and the trial court's judgment is reversed. The matter is remanded to the trial court "to allow [the Englishes] time to respond to [Wayne Savings'] motion for summary judgment, and to allow for any timely response by [Wayne Savings], before the trial court issues a ruling on [Wayne Savings'] motion." *Brunson* at ¶ 10.

III

{¶8} The Englishes' sole assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETH WHITMORE
FOR THE COURT

CARR, J.
MOORE, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

GREGORY R. SAIN, Attorney at Law, for Appellants.

DANIEL G. FINDLEY, Attorney at Law, for Appellee.