[Cite as *Bank of New York v. Goldberg*, 2019-Ohio-3998.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-24, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-24, | : : : : : | **O P I N I O N**<br><br>**CASE NO. 2019-G-0204** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| JAN HOWARD GOLDBERG, et al., | : : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2018 F 000887.

Judgment: Reversed and remanded.

*Ann Marie Johnson* and *Matthew P. Curry*, Manley Deas Kochalski, LLC, P.O. Box 165028, Columbus, OH 43216, and *Jeffrey J. Hanneken*, Graydon, Head, & Ritchey, LLP, 312 Walnut Street, Suite 1800, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*Edward F. Herman*, Herman Law, LLC, 30628 Detroit Road, #231, Westlake, OH 44145 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Jan Howard Goldberg, appeals the April 26, 2019 In Rem Judgment Entry and Decree in Foreclosure, issued by the Geauga County Court of Common Pleas in favor of plaintiff-appellee, the Bank of New York. For the following

reasons, we reverse the Judgment of the lower court and remand for further proceedings consistent with this Opinion.

{¶2} On November 28, 2018, the Bank of New York filed a Complaint for Foreclosure with Count for Reformation against Goldberg and other defendants not parties to this appeal. Goldberg filed his Answer on March 29, 2019.

{¶3} On April 3, 2019, the Bank of New York filed a Motion for Summary Judgment against Goldberg.

{¶4} On April 26, 2019, the trial court granted the Bank of New York's Motion and entered the In Rem Judgment Entry.

{¶5} On April 30, 2019, Goldberg filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The trial court committed reversible error when it granted plaintiff-appellee BANK OF NEW YORK's motion for summary judgment less than thirty days after the summary judgment motion was filed, when Rule 7(B)(2) of the Geauga County Local Rules permitted defendant-appell[ant] JAN HOWARD GOLDBERG thirty days to file his opposition to the summary judgment motion."

{¶6} An appellate court's "review of a summary judgment ruling is de novo." *Fradette v. Gold*, __ Ohio St.3d __, 2019-Ohio-1959, __ N.E.3d __, ¶ 6.

{¶7} Goldberg argues the trial court violated his "rights to fundamental procedural fairness and due process" by granting the Bank of New York's Motion for Summary Judgment prior to the expiration of the thirty-day period for filing an opposition allowed by Rule 7(B)(2) of the Geauga County Local Rules ("opposition to motions must be filed * * * within 30 days of a motion for summary judgment"). We note that the court's premature ruling also violated Ohio Civil Rule 6(C), which provides: "Responses

2

to motions for summary judgment may be served within twenty-eight days after service of the motion."

{¶8} "In all cases, a trial court is under an obligation to allow time for a full and fair response before ruling on a motion for summary judgment." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 40. "A trial court's failure to do so implicates procedural due process rights of the nonmoving party and constitutes reversible error." *Green Tree Serv. LLC v. Graul*, 10th Dist. Franklin No. 15AP-761, 2016-Ohio-4641, ¶ 11; *United States of Am. v. English*, 9th Dist. Wayne No. 11CA0016, 2012-Ohio-1882, ¶ 6 ("[i]t is reversible error for a trial court to prematurely grant a motion for summary judgment without first providing the non-moving party with an opportunity to respond").

{¶9} The Bank of New York "concedes the error" that the trial court "prematurely entered summary judgment in [its] favor on April 26." Appellee's brief at 1.

{¶10} The sole assignment of error is with merit.

{¶11} For the foregoing reasons, the April 26, 2019 In Rem Judgment Entry of the Geauga County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against the appellee.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

3