[Cite as *Cty. Risk Sharing Auth., Inc. v. State*, 2022-Ohio-164.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| COUNTY RISK SHARING AUTHORITY, INC., | **CASE NO. 2021-G-0014** |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| THE STATE OF OHIO, OFFICE OF THE ATTORNEY GENERAL, et al., | Trial Court No. 2020 P 000044 |
| Defendants-Appellants. | |

---

## O P I N I O N

Decided: January 24, 2022
Judgment: Reversed; remanded

---

*Todd M. Raskin* and *George V. Pilat*, Mazanec, Raskin & Ryder Co., LPA, 100 Franklin's Row, 34305 Solon Road, Cleveland, OH 44139 (for Plaintiff-Appellee).

*Jack Morrison, Jr., Thomas A. Marino, II,* and *Nathan P. Woodward*, Amer Cunningham Co., LPA, One Cascade Plaza, Suite 1510, Akron, OH 44308 (for Defendants-Appellants).

JOHN J. EKLUND, J.

{¶1}   Appellant, the State of Ohio, appeals the Judgment of the Geauga County Court of Common Pleas granting Summary Judgment in favor of Appellee, the County Risk Sharing Authority, Inc. (CORSA). For the reasons stated below, we reverse the Judgment of the lower court and remand for further proceedings as outlined in this opinion.

{¶2} On January 15, 2020, CORSA filed a complaint for declaratory judgment against the State of Ohio (State), the Geauga Soil and Water Conservation District (District), the Board of Supervisors of Geauga Soil and Water Conservation District (Board), and Gail Prunty. CORSA sought a declaratory judgment that under R.C. 940.07, the State of Ohio was solely responsible to defend and indemnify the District, Board, and Prunty in two lawsuits filed against these entities regarding an automobile accident caused by Prunty. This accident occurred while Prunty was in the employ of the District.

{¶3} The State filed a Motion for a More Definite Statement under Civ.R. 12(E) in which it challenged CORSA's standing and for failure to state a claim under Civ.R. 12(B)(6) against the District and the Board. The trial court denied this motion (which motion? Both?) and the State filed its Answer and Counterclaim against CORSA on March 23, 2020, seeking a declaratory judgment that CORSA was obligated to defend and indemnify the District, the Board, and Prunty up to the $6,000,000 coverage limits provided in CORSA's Coverage Agreement. CORSA replied to the State's counterclaim and the State filed a second Motion for a More Definite Statement, which the trial court also denied.

{¶4} The parties engaged in discovery and submitted Joint Stipulations of Facts for use in Summary Judgment proceedings. The Stipulations of Facts resolved all pertinent questions of material fact in this matter. They provided that "[b]ased solely on the language of O.R.C. § 940.07, The State of Ohio would be responsible" to defend and indemnify the District and the Board. The stipulations likewise provided that "[b]ased solely on the language of the Coverage Agreement" that CORSA would owe

2

defense and indemnification to the District and the Board "subject to all terms, conditions, limitations, and exclusions set forth in the Coverage Agreement and Memorandum of Coverage."

{¶5} During discovery, the State filed a modified discovery request on the issue of the terms, conditions, and limitations of CORSA's Coverage agreement. CORSA's response was not satisfactory to the State and the State filed a motion to compel relative to its modified discovery request, which the trial court denied. By Order of the trial court, all dispositive motions were due to be filed no later than April 15, 2021.

{¶6} Both the State and CORSA filed timely Motions for Summary Judgment. Both parties filed their oppositions on May 13, 2021. Seven days later, on May 20, 2021, the Court issued its judgment entry granting CORSA's Summary Judgment Motion at 10:18 AM. At 3:56 PM on the same day, the State timely filed a Reply to CORSA's Brief in Opposition to the State's Summary Judgment Motion. The State timely filed this appeal with three Assignments of Error.

{¶7} The State's First Assignment of Error provides:

{¶8} "[1.] THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF-APPELELE'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE DEFENDANTS-APPELLANTS' MOTION FOR SUMMARY JUDGMENT."

{¶9} Appellate courts review summary judgment rulings under a de novo standard. *Bank of New York as Tr. for Holders of CWALT, Inc. Alternative Loan Tr. 2005-24 v. Goldberg,* 11th Dist. Geauga No. 2019-G-0204, 2019-Ohio-3998, ¶ 6. The State argues first that the trial court issued its Judgment Entry granting CORSA summary judgment prior to the expiration of time the State had to file its reply brief;

second, that the trial court's Judgment Entry was not sufficiently specific to allow appropriate appellate review. Civ.R 6 provides in relevant part:

> (A) Time: computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. * * *

> (C) Time: motions.
> (1) Motion responses and movants' replies generally. * * * Responses to motions for summary judgment may be served within twenty-eight days after service of the motion. A movant's reply to a response to any written motion may be served within seven days after service of the response to the motion.[1]

{¶10} Before a trial court rules on a summary judgment motion, Civ.R. 56(C) "allows for the filing of a reply memorandum after a response has been filed, which means that in the normal case, the trial court must wait for the time for reply to expire * * * before the matter is deemed submitted." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 39. "In all cases, a trial court is under an obligation to allow time for a full and fair response before ruling on a motion for summary judgment." *Id.* at ¶ 40.

> A trial court's failure to do so implicates procedural due process rights of the nonmoving party and constitutes reversible error. *Green Tree Serv. LLC v. Graul*, 10th Dist. Franklin No. 15AP-761, 2016-Ohio-4641, ¶ 11; *United States of Am. v. English*, 9th Dist. Wayne No. 11CA0016, 2012-Ohio-1882, ¶ 6 ('[i]t is reversible error for a trial court to prematurely grant a motion for summary judgment without first providing the non-moving party with an opportunity to respond').

---

[1] The Geauga County Court of Common Pleas Local Rule 7(B)(C)(1) similarly provides seven days in which to reply to a Summary Judgment response motion.

4

Case No. 2021-G-0014

*Goldberg,* at ¶ 8.

{¶11} "Civ. R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 604 N.E.2d 138 (1992), syllabus. This duty is "absolute," and the trial court must "read and consider all pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact when ruling on a motion for summary judgment." *Id.* at 359. This duty is not relieved even if the trial court's lack of review does not prejudice the parties. *Id.* at 360. A court of appeal's independent and de novo consideration of the record cannot "cure the trial court's failure to examine the evidence." *Id.* This is because "[a] reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court." *Id.* Therefore, the requirements of Civ.R. 56(C) "must be strictly enforced" and the "trial court's function cannot be replaced by an 'independent review' of an appellate court." *Id.*

{¶12} The trial court is also required to render a meaningful judgment in its Civ. R. 56 judgment entry. *Dugan v. Village of McDonald*, 11th Dist. Trumbull No. 2019-T-0073, 2020-Ohio-1441, ¶ 23. Although an appellate court conducts "an independent de novo review of trial court decisions granting summary judgment * * * the trial court's judgment entry and reasoning are part of the de novo review process." *Scassa v. Dye*, 7th Dist. Carroll No. 02CA0779, 2003-Ohio-3480, ¶ 21. A reviewing court does not defer to the trial court's reasoning, but the lower court's "analysis often has persuasive effect

5

Case No. 2021-G-0014

during appellate review. We strongly encourage the trial court not to abandon its duty, but to continue explain its reasoning when granting summary judgment." *Id.* A barebones judgment entry is "unfair to the parties, who are essentially forced to simply refile their summary judgment motions in the appellate court due to being unsure why the trial court rendered the decision it did." *Mourton v. Finn*, 9th Dist. Summit No. 26100, 2012-Ohio-3341, ¶ 9. Reversal of a trial court's Civ.R. 56 judgment entry is proper when "the trial court does not set forth any analysis[.]" *Id.*

{¶13} In *Dugan*, the trial court's entry contained a summary of the relevant factual background in the case and a description of the evidence submitted by the parties. *Dugan, supra*, at ¶ 21. Based on the facts and the evidence that the court summarized, the trial court in *Dugan* determined that there were no genuine issues of material fact and granted summary judgment. *Id.* This court reviewed the trial court's judgment entry and determined that the entry included "sufficient detail as to the basis for its decision and for this court to conclude that the trial court complied with its duty under Civ.R. 56(C)." *Id.* at ¶ 22. Although the trial court did not cite any legal authority, the court's legal reasoning was "implicit in the trial court's entry," stating that it granted summary judgment "because the only evidence presented to the court was contrary to Dugan's claim." *Id.*

{¶14} In this case, the trial court issued its judgment entry granting summary judgment in favor of CORSA prior to the expiration of time for the State to file its reply. Because of this, the trial court did not properly consider all filings in compliance with Civ. R. 65(C) in its decision. Civ.R. 6(A) makes plain that the day of the act or event is not included in the calculation. Therefore, the State had seven days from May 13, 2021, in

6

which to file its Summary Judgment Reply – that is, until May 20, 2021. Civ.R. 6(C). The lower court issued its judgment entry prior to the expiration of time for the State to file its Reply. This premature ruling implicated the State's procedural due process rights and was reversible error.

{¶15} In addition, the trial court's conclusory Judgment Entry does not provide the reasons for the trial court's decision and would force this court to function as the trial court rather than the reviewing court. In *Dugan,* this court was able to articulate why the trial court granted the motion for summary judgment. In contrast, the judgment entry of the trial court in the present matter is conclusory, does not provide a factual or legal background for the decision, and does not reveal the reason why the court decided as it did. We echo the Seventh District in strongly encouraging lower courts to explain their reasoning when granting summary judgment. *Scassa,* 2003-Ohio-3480, at ¶ 21. Were this court to review this matter on the basis of the lower court's Judgment Entry, we would "not sit as a reviewing court, but, in effect," become the trial court. *Murphy,* 65 Ohio St.3d at 360.

{¶16} As our resolution of the first assignment of error is dispositive of this appeal, the remaining assignments are not yet ripe for review.

{¶17} Accordingly, the State's first assignment of error has merit, and this matter is reversed and remanded. The trial court shall consider all timely filed summary judgment materials prior to issuing a meaningful summary judgment ruling.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

7

Case No. 2021-G-0014