[Cite as *State ex rel. Ames v. Freedom Twp. Bd. of Trustees*, 2023-Ohio-343.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO ex rel.
BRIAN M. AMES,

        Relator-Appellant,

- v -

FREEDOM TOWNSHIP
BOARD OF TRUSTEES,

        Respondent-Appellee.

CASE NO. 2022-P-0005

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 CV 00421

**O P I N I O N**

Decided: February 6, 2023
Judgment: Affirmed in part, reversed in part, and remanded

*Brian M. Ames,* pro se*,* 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*Victor V. Vigluicci,* Portage County Prosecutor, and *Brett R. Bencze,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent-Appellee).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Brian M. Ames, appeals the January 7, 2022 judgment of the Portage County Court of Common Pleas granting, inter alia, summary judgment in favor of Mr. Ames on three counts, and denying summary judgment on the remaining two counts. For the reasons set forth herein, the judgment is affirmed in part, reversed in part, and remanded.

{¶2} This case originated with Mr. Ames filing his complaint in mandamus in the lower court alleging five violations of R.C. 121.22, the Open Meetings Act ("OMA"), by

appellee, Freedom Township Board of Trustees (the "Board"). The Board conceded it violated the OMA in Counts 1, 2, and 3, but denied any such violation as to Counts 4 and 5. The parties agree the material facts are not in dispute.

**{¶3}** Mr. Ames filed a motion for summary judgment. The court found violations of the OMA in Counts 1, 2 and 3, but no violations as to Counts 4 and 5. It further found that the violations in Counts 1 and 2 were "identical, technical in nature and were undertaken without intent to deceive" and thus ordered one civil forfeiture in the amount of $500. The court also ordered one $500 civil forfeiture pertaining to Count 3.

**{¶4}** The trial court's judgment entry indicates that it dismissed Counts 4 and 5. However, we construe that language to mean that the trial court granted summary judgment in favor of the non-movant, the Board. In granting summary judgment on Count 4, the court found "that attorney-client privilege must apply to public bodies in order to assist them in decision-making procedures, operations and other activities when receiving legal advice." The court also granted summary judgment on Count 5, saying only: "[t]he Court find the facts as alleged in Count 5 do not constitute a violation of the Open Meetings Act."

**{¶5}** Mr. Ames appeals and raises six assignments of error.

**{¶6}** First assignment of error: The trial court erred by failing to set forth any analysis in its judgment entry.

**{¶7}** "In order to obtain summary judgment, the movant must show that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d

2

102, 105, 671 N.E.2d 241 (1996). "Appellate courts review summary judgment rulings under a de novo standard." *Cnty. Risk Sharing Auth., Inc. v. State*, 11th Dist. Geauga No. 2021-G-0014, 2022-Ohio-164, ¶ 9.

{¶8} Under this assignment of error, Mr. Ames argues the trial court's judgment entry was so "barebones" as to warrant reversal. The Board unequivocally agrees. In support of his assertion, Mr. Ames relies heavily on our recent decision in *Cnty. Risk Sharing Auth., Inc., supra*.

{¶9} In *Cnty. Risk Sharing Auth., Inc., supra*, this court found that the trial court is "required to render a meaningful judgment in its Civ. R. 56 judgment entry." *Id.,* at ¶ 12, citing *Dugan v. Village of McDonald*, 11th Dist. Trumbull No. 2019-T-0073, 2020-Ohio-1441, ¶ 23. "Although an appellate court conducts 'an independent de novo review of trial court decisions granting summary judgment * * * the trial court's judgment entry and reasoning are part of the de novo review process.'" *Cnty. Risk Sharing Auth., Inc., supra*, quoting *Scassa v. Dye*, 7th Dist. Carroll No. 02CA0779, 2003-Ohio-3480, ¶ 21. "A reviewing court does not defer to the trial court's reasoning, but the lower court's 'analysis often has persuasive effect during appellate review. We strongly encourage the trial court not to abandon its duty, but to continue to explain its reasoning when granting summary judgment.'" *Cnty. Risk Sharing Auth., Inc., supra*, quoting *Scassa, supra.* "A barebones judgment entry is 'unfair to the parties, who are essentially forced to simply refile their summary judgment motions in the appellate court due to being unsure why the trial court rendered the decision it did.'" *Cnty. Risk Sharing Auth., Inc., supra*, quoting *Mourton v. Finn*, 9th Dist. Summit No. 26100, 2012-Ohio-3341, ¶ 9. "Reversal of a trial court's Civ.R.

3

56 judgment entry is proper when 'the trial court does not set forth any analysis[.]'" *Cnty. Risk Sharing Auth., Inc., supra*, quoting *Mourton, supra.*

{¶10} This court went on to distinguish the facts before it from *Dugan, supra.* In *Dugan,* the trial court's entry granting summary judgment contained a summary of the relevant factual background and a description of the evidence submitted by the parties; however, it did not cite any legal authority. Nevertheless, this court found that "the court's legal reasoning was 'implicit in the trial court's entry,' stating that it granted summary judgment 'because the only evidence presented to the court was contrary to Dugan's claim.'" *Cnty. Risk Sharing Auth., Inc., supra*, at ¶ 13, quoting *Dugan, supra,* at ¶ 22.

{¶11} On the other hand, this court in *Cnty. Risk Sharing Auth., Inc., supra*, found that because the court's "conclusory Judgment Entry does not provide the reasons for the trial court's decision and would force this court to function as the trial court rather than the reviewing court. * * * [T]he judgment entry * * * in the present matter is conclusory, does not provide a factual or legal background for the decision, and does not reveal the reason why the court decided as it did." *Id.* at ¶ 15.

{¶12} However, *Cnty. Risk Sharing Auth., Inc., supra*, contains an important difference to the case at bar, as well as *Dugan, supra*; the trial court in *Cnty. Risk Sharing Auth., Inc., supra*, issued its decision prior to the submission of the respondent's reply to the relator's motion for summary judgment. "'Civ.R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment.'" *Id.* at ¶ 11*,* quoting *Murphy v. Reynoldsburg,* 65 Ohio St.3d 356, 604 N.E.2d 138 (1992), syllabus. Under the circumstances of *Cnty. Risk Sharing Auth., Inc., supra*, the trial court patently failed to thoroughly examine all

4

appropriate materials before ruling. If this court had reviewed the lower court's entry where the lower court had not even considered all appropriately filed materials, then this court would not be sitting as a reviewing court but would in effect become the trial court. "A court of appeal's independent and de novo consideration of the record cannot 'cure the trial court's failure to examine the evidence.' * * * This is because '[a] reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court.'" *Cnty. Risk Sharing Auth., Inc., supra*, quoting *Murphy, supra.*

{¶13} Such is not the case in the case before us. Here, there is no argument from either party, nor evidence in the record, that the trial court did not thoroughly examine all appropriate materials before ruling on the motion for summary judgment as required by Civ.R. 56(C). "The trial court is presumed to have met this duty when there is no record that affirmatively indicates otherwise." *Smith v. Allstate Ins. Co.*, 9th Dist. Summit No. 29339, 2019-Ohio-4557, ¶ 18. Thus, the trial court's judgment reflects that it complied with its mandatory duty under Civ.R. 56(C).

{¶14} Moreover, both parties stipulated that the material facts are not in dispute. The facts are clearly set forth in the record before us on review, as they were before the trial court. The Board conceded a violation of Counts 1, 2 and 3. Further, the Board stipulated as to the facts in Counts 4 and 5, but only disputed that those actions were in violation of the OMA. Thus, the fact that the trial court did not set forth its findings of fact in its judgment entry does not alone constitute reversible error under the specific circumstances of this case.

Case No. 2022-P-0005

{¶15} Furthermore, despite the lack of citation to legal authority in the trial court's decision, we find the judgment entry is sufficient for this court to conduct a meaningful de novo review on appeal. In *Covender v. State*, 9th Dist. Lorain No. 18CA011355, 2019-Ohio-3715, the Ninth District noted that:

> our review on appeal involves 'a different focus than the trial court.' *Murphy* [*supra*]. The trial court's decision is a part of the de novo review process and its reasoning and analysis for granting summary judgment are subject to appellate review. *Mourton* [supra]. Although a de novo review means that we afford no deference to the decision of the trial court, this Court is unable to conduct a proper review of an award of summary judgment when the movant asserts multiple arguments in favor of summary judgment and the trial court's entry provides no indication as to what it actually decided.

*Id.* at ¶ 8.

{¶16} Conversely in this case, the Board set forth one argument to dispute the allegations in each of Counts 4 and 5, to wit: first, that the undisputed actions alleged in Count 4 did not constitute a meeting as defined by the OMA and thus no violation of the OMA occurred; second, that the undisputed actions alleged in Count 5 were insufficient to find that an individual trustee directed zoning officials to take any official action.

{¶17} Finally, this court has previously noted that "the trial court need not enunciate any definitive statement concerning the court's rationale for ruling on a motion for summary judgment but need only issue 'a clear and concise pronouncement of the judgment' and 'a sufficient pronouncement of its decision upon which to review the issues raised by appellants' appeal.'" *State ex rel. Ames v. Pokorny*, 11th Dist. Portage No. 2022-P-0007, 2022-Ohio-1102, ¶ 3, quoting *Rogoff v. King*, 91 Ohio App.3d 438, 449, 632 N.E.2d 977 (8th Dist.1993). *See also* Civ.R. 52, *Urda v. Buckingham, Doolittle &*

*Burroughs, LLP*, 9th Dist. Summit No. 22547, 2005-Ohio-5949, at ¶ 13; *Powers v. Ferro Corp.,* 8th Dist. Cuyahoga No. 79383, 2002-Ohio-2612, at ¶ 30.

{¶18}  While it is certainly best practice for a trial court to enumerate its factual and legal rationale when ruling on motions for summary judgment, in light of the foregoing, and under the unique and specific circumstances of this case, the conclusory nature of the trial court's judgment entry does not preclude a meaningful de novo review on appeal.

{¶19}  Mr. Ames' first assignment of error is without merit.

{¶20}  Second assignment of error: The trial court committed reversible error by failing to issue pursuant to R.C. 121.22(I)(1) any injunctions to compel the members of the Board to comply with the provisions of the Open Meetings Act for the proven violations thereof.

{¶21}  Both parties agree on appeal that the trial court erred in failing to issue any injunction to compel the members of the Board to comply with the provisions of the OMA for Counts 1 through 3.  R.C. 121.22(I)(1) states in pertinent part, "[u]pon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions."  As the statute uses the imperative "shall," the court has no discretion whether or not to issue an injunction once it has found that a violation of the OMA has occurred.  *See Dohm v. Dohm*, 11th Dist. Lake No. 2010-L-091, 2011-Ohio-1166, ¶ 16, citing *In re Murphy*, 10 Ohio App.3d 134, 137, 461 N.E.2d 910 (1983) ("Without a clearly expressed intent to make the statutory provisions permissive only, provisions using the word 'shall' are construed to be mandatory.").  *See also Weisbarth v. Geauga Park Dist.*, 11th Dist. Geauga No. 2007-G-2780, 2007-Ohio-6728, ¶ 19 ("The remedies [set forth in R.C. 121.22(I)(2)] are not permissive, but statutorily prescribed.").  Thus, the trial court's failure to issue any injunction as to the violations set forth in Counts

7

1, 2 and 3 is erroneous and merits a reversal to issue an injunction or injunctions as required by law.

{¶22} Mr. Ames' second assignment of error has merit.

{¶23} Third assignment of error: The trial court committed reversible error by failing to award to Mr. Ames all court costs pursuant to R.C. 121.22(I)(2)(a).

{¶24} The parties herein also agree that the court erred by failing to award Mr. Ames all court costs. R.C. 121.22(I)(2)(a) states in pertinent part "[i]f the court of common pleas issues an injunction pursuant to division (I)(1) of this section, * * * *shall award to that party all court costs* * * *." [Emphasis added.] As discussed under Mr. Ames' second assignment of error, the trial court should have issued injunctions as to the violations of the OMA set forth in Counts 1, 2 and 3. The statutory language again uses the imperative "shall," i.e., the award of court costs is not discretionary. *See Dohm, supra,* at ¶ 16. Accordingly, the failure of the trial court to award court costs is reversible error.

{¶25} Mr. Ames' third assignment of error has merit.

{¶26} Fourth assignment of error: The trial court committed reversible error by finding that "the violations are identical, technical in nature and were undertaken without intent to deceive."

{¶27} Under this assignment of error, Mr. Ames challenges the trial court's finding that the violations of the OMA set forth in Counts 1 and 2 were "identical," "technical," and not undertaken with intent to deceive. Ultimately, Mr. Ames seeks a $500 civil forfeiture on each of Counts 1 and 2, while the trial court issued only one civil forfeiture.

{¶28} The Supreme Court of Ohio has recently addressed this issue in *Ames v. Rootstown Twp. Bd. of Trustees,* Slip Opinion No. 2022-Ohio-4605. In that case, the Court affirmed this court's holding in *Ames v. Rootstown Twp. Bd. of Trustees*, 11th Dist.

8

Case No. 2022-P-0005

Portage No. 2020-P-0063, 2021-Ohio-1369, stating "only one civil forfeiture is permitted when a single injunction is issued in response to multiple violations of the OMA through the same conduct." *Id.* at ¶ 25. The Court also noted that one civil forfeiture is permitted for multiple violations through the same conduct *whether the violations are technical or nontechnical. Id.* at ¶ 28.

{¶29} The facts constituting Counts 1 and 2 allege that at the Board's organizational meetings held on January 2, 2020, and January 7, 2021, respectively, the Board failed to establish a rule, as required by R.C. 121.22(F), providing that "any person, upon request and payment of a reasonable fee, may obtain reasonable advance notification of all meetings at which any specific type of public business is to be discussed."

{¶30} In this case, the trial court has not yet issued any injunctions and the total number of injunctions that the trial court may ultimately issue is uncertain. R.C. 121.22(I)(2)(a) is clear that the issuance of a civil forfeiture is dependent on the court first issuing an injunction. Because the issuance of a civil forfeiture is dependent on the issuance of an injunction, it was error for the trial court to issue any civil forfeitures to Mr. Ames without first issuing an injunction or injunctions. Therefore, we reverse the trial court's order issuing civil forfeitures to Mr. Ames until such time as the trial court has issued an injunction or injunctions as required by law.

{¶31} Mr. Ames' fourth assignment of error has merit.

{¶32} Fifth assignment of error: The trial court erred by ordering that "attorney-client privilege must apply to public body meetings in order to assist them in decision-making procedures, operations, and other activities when receiving legal advice."

9

**{¶33}** Sixth assignment of error: The trial court erred by finding that "the facts as alleged in Count 5 do not constitute a violation of the Open Meetings Act."

**{¶34}** Mr. Ames' fifth and sixth assignments of error relate to the trial court's dismissal of Counts 4 and 5 respectively. In the proceedings below, the Board filed no motion to dismiss and did not file a cross motion for summary judgment. Thus, the trial court dismissed Counts 4 and 5 based on appellant's own motion for summary judgment.

**{¶35}** Ordinarily, Civ.R. 56 "does not authorize courts to enter summary judgment in favor of a non-moving party." *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 15. However, an exception exists when "an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law." *State ex rel. J.J. Detweiler Enterprises, Inc. v. Warner*, 103 Ohio St.3d 99, 2004-Ohio-4659, 814 N.E.2d 482, ¶ 13, quoting *State ex rel. Cuyahoga Cnty. Hosp. v. Ohio Bur. of Workers' Comp.,* 27 Ohio St.3d 25, 28, 500 N.E.2d 1370 (1986).

**{¶36}** It is unclear whether the trial court dismissed Counts 4 and 5 pursuant to a Civ.R. 12(B) standard of dismissal or granted summary judgment in favor of the Board under the Civ.R. 56 summary judgment standard. In either case, the Board did not file either a motion to dismiss or a motion for summary judgment.

**{¶37}** Although there is a narrow exception by which the trial court can enter summary judgment in favor of the non-moving party, that exception requires that "all relevant evidence" is before the court. *Id.* On this record, we cannot be satisfied that all relevant evidence was indeed before the trial court. This is particularly true where the

10

moving party may strategically choose not to put forth all evidence available where there is no cross-motion for summary judgment. Nothing in this decision precludes the Board from filing a motion to dismiss or motion for summary judgment on remand.

{¶38} In light of the foregoing, the judgment of the Portage County Court of Common Pleas is affirmed in part, reversed for failing to issue injunctions prior to awarding civil forfeitures, reversed as to the dismissal of Counts 4 and 5, and remanded to the trial court for the following reasons: for further proceedings related to Counts 4 and 5; to issue an injunction as required by R.C. 121.22(I)(1) in connection with Counts 1 and 2 for the Board's failure to establish a rule compliant with R.C. 121.22(F); to issue an injunction as required by R.C. 121.22(I)(1) in connection with Count 3 for the Board's holding an executive session for a purpose not established by law; and to issue appropriate civil forfeitures for each injunction issued and to award court costs as required by R.C. 121.22(I)(2)(a).


THOMAS R. WRIGHT, J., concurs,

MARY JANE TRAPP, J., concurs in part and concurs in judgment only in part, with a Concurring Opinion.

---

MARY JANE TRAPP, J., concurs in part and concurs in judgment only in part, with a Concurring Opinion.

{¶39} I concur in judgment only regarding the fifth and sixth assignments of error.

{¶40} In his fifth and sixth assignments of error, Mr. Ames addresses the substantive merits of counts 4 and 5 of his complaint. It is not necessary to reach the

11

merits of those claims at this time. The trial court's judgment entry indicates that it failed to consider counts 4 and 5 in accordance with Civ.R. 56.

{¶41} Civ.R. 56(A) provides that "[a] party seeking to recover upon a claim * * * may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim * * *." Here, Mr. Ames moved for summary judgment on all of the counts in his complaint, including counts 4 and 5.

{¶42} Civ.R. 56(C) provides that "[s]ummary judgment *shall be rendered* forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment *shall not be rendered* unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." (Emphasis added.)

{¶43} In its judgment entry, the trial court "dismissed" counts 4 and 5. Nothing in Civ.R. 56 authorizes a trial court to dismiss the moving party's claims in the event it fails to demonstrate its entitlement to summary judgment. Rather, the trial court's options are to render summary judgment, i.e., grant the party's motion as to that claim, or to not render summary judgment, i.e., overrule the party's motion as to that claim. Thus, it appears the trial court applied some other unidentified legal standard in its consideration of counts 4 and 5.

12

{¶44} Accordingly, the trial court's dismissals of counts 4 and 5 should be reversed, and this matter remanded for the trial court to conduct the summary judgment exercise in accordance with Civ.R. 56. On remand, the trial court may permit the board to file a cross motion for summary judgment or another dispositive motion authorized under the civil rules.

Case No. 2022-P-0005