[Cite as *State ex rel. Ames v. Freedom Twp. Bd. of Trustees*, 2024-Ohio-1645.]

# IN THE COURT OF APPEALS OF OHIO

## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>BRIAN M. AMES, | CASE NO. 2023-P-0069 |
| Relator-Appellant, | Civil Appeal from the<br>Court of Common Pleas |
| - vs - | |
| FREEDOM TOWNSHIP<br>BOARD OF TRUSTEES, | Trial Court No. 2021 CV 00421 |
| Respondent-Appellee. | |

**O P I N I O N**

Decided: April 29, 2024
Judgment: Reversed and remanded

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*Victor V. Vigluicci,* Portage County Prosecutor, and *Brett R. Bencze,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent-Appellee).

JOHN J. EKLUND, J.

{¶1} Appellant, Brian Ames, appeals the trial court's judgment on remand from this court in *State ex rel. Ames v. Freedom Twp. Bd. of Trustees*, 11th Dist. Portage No. 2022-P-0005, 2023-Ohio-343 ("*Ames v. Freedom Twp.* I"). Appellant specifically asserts that the trial court failed to award him all court costs pursuant to R.C. 121.22(I)(2)(a). For the following reasons, the judgment of the Portage County Court of Common Pleas is reversed and remanded to award Appellant all court costs.

{¶2} This case originated when Appellant filed a petition in mandamus in the lower court alleging that Appellee had committed five violations of R.C. 121.22, the Open Meetings Act ("OMA"). Appellant filed a motion for summary judgment. The court found that Appellee had violated the OMA alleged in Counts 1, 2, and 3, but found no violations as to Counts 4 and 5 and dismissed them. It further found that the violations in Counts 1 and 2 were "identical, technical in nature and were undertaken without intent to deceive" and thus ordered one civil forfeiture in the amount of $500. The court also ordered one $500 civil forfeiture pertaining to Count 3.

{¶3} Appellant timely appealed that judgment in *Ames v. Freedom Twp.* I. He raised six assignments of error. In relevant part, Appellant asserted that the trial court was required to issue injunctions as to each of Counts 1, 2, and 3, and that the court was therefore required to award him all court costs.

{¶4} On appeal, this Court affirmed in part, reversed in part, and remanded the case to the trial court "for further proceedings related to Counts 4 and 5; to issue an injunction as required by R.C. 121.22(I)(1) in connection with Counts 1 and 2 for the Board's failure to establish a rule compliant with R.C. 121.22(F); to issue an injunction as required by R.C. 121.22(I)(1) in connection with Count 3 for the Board's holding an executive session for a purpose not established by law; and to issue appropriate civil forfeitures for each injunction issued and to award court costs as required by R.C. 121.22(I)(2)(a)." *State ex rel. Ames v. Freedom Twp. Bd. of Trustees*, 11th Dist. Portage No. 2022-P-0005, 2023-Ohio-343, ¶ 38.

{¶5} On remand, the trial court followed our directives, except as to awarding Appellant all court costs. The trial court's September 12, 2023 judgment entry on remand

2

addressed court costs, stating: "This appellate decision ordered that court costs be taxed equally between the two parties. In view of this Court's verdicts announced herein, this Court awards Plaintiff his further court costs incurred since remand of this case to this Court by the Court of Appeals."

{¶6} Appellant timely appeals and raises one assignment of error:

{¶7} "The trial court committed reversible error by failing to award all court costs to Mr. Ames."

{¶8} In *Ames v. Freedom Twp.* I, ¶ 24, this Court analyzed Appellant's assignment of error concerning court costs. We explained:

> The parties herein also agree that the court erred by failing to award Mr. Ames all court costs. R.C. 121.22(I)(2)(a) states in pertinent part "[i]f the court of common pleas issues an injunction pursuant to division (I)(1) of this section, * * * *shall award to that party all court costs* * * *."As discussed under Mr. Ames' second assignment of error, the trial court should have issued [two] injunctions as to the violations of the OMA set forth in Counts 1, 2 and 3. The statutory language again uses the imperative "shall," i.e., the award of court costs is not discretionary. See *Dohm*, *supra*, at ¶ 16. Accordingly, the failure of the trial court to award court costs is reversible error. (Emphasis added).

{¶9} On remand from this Court, the trial court issued two injunctions; one as to the violations of OMA alleged in Counts 1 and 2, and one as to Count 3. R.C. 121.22(I)(2)(a) provides that if the trial court "issues an injunction pursuant to division (I)(1) of this section" (which it did), the trial court is then required to award the complaining party "*all court costs.*" (Emphasis added). We cannot discern from this record why the trial court awarded Appellant only "his further court costs incurred since remand of this case to this Court by the Court of Appeals." But, R.C.121.22(I)(2)(a) is clear and

3

unambiguous in that the trial court, in this instance, must award Appellant all court costs associated with the original proceedings.

{¶10} Accordingly, Appellant's assignment of error has merit.

{¶11} The judgment of the Portage County Court of Common Pleas is reversed. This matter is remanded for the trial court to award Appellant **all court costs** associated with the proceedings below as required under R.C. 121.22(I)(2)(a).

EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2023-P-0069